## CHARLES CONEY v. THE STATE.

**·1.** CRIMINAL PROCEDURE—RECOGNIZANCE.—The act of April 26, 1871, prescribing the form of recognizances on appeals, does not repeal the 3d clause in Article 263 of the Code of Criminal Procedure, which requires a recognizance to "state the name of the offense" with which the accused is charged. Pasc. Dig., Arts. 2731, 6599.

**:2.** SAME.—A recital in a recognizance, that the accused "permitted monte to be exhibited in a house under his control," does not state the name of the offense defined in Article 419 of the Penal Code. Nor does a recital as follows: "Did unlawfully permit the banking game of monte to be dealt and exhibited in a certain house under his control." Both are defective by failing to state that accused permitted the game to be *played*, etc. Pasc. Dig., Art. 2055.

APPEALS from the District Court of Travis. Tried below before the Hon. J. P. RICHARDSON.

Two causes were disposed of by the following opinion, which sufficiently indicates such facts as are material.

*G. Davis,* for the appellant.

*A. J. Peeler,* Assistant Attorney General, for the State, moved the court to dismiss both appeals for want of sufficient recognizances.

WINKLER, J. These cases have been submitted on motions of the attorney general to dismiss for want of a sufficient recognizance to give this court jurisdiction, and, the motions being of similar character, are considered and determined together.

We are of the opinion that the 1st section of the act of April 26, 1871, which prescribes a form of recognizance to be given by an appellant from the decision of a case, does not repeal the 3d clause of Article 263 of the Code of Criminal Procedure, which is as follows: " 3d. That it appear by the recognizance that the defendant is accused of an offense against the laws of the state." Pasc. Dig., Art. 2731.

That the legislature did not intend to repeal this 3d paragraph of Article 2731 of the Code is evinced by the fact that, in the form of recognizance laid down in the act, this expression is employed, " who is charged with the offense of ———," leaving a blank in the form evidently to be filled by the name of the offense of which the accused is charged, and which the 3d clause of Article 263 requires to be an offense against the laws of this state. And this view is strengthened by reference to the 2d section of the act of April 26, 1871, which provides that " the supreme court shall not entertain jurisdiction of any case requiring a recognizance that does not substantially comply with the above form," referring to the form set out in section 1 of the act.

The offense set out in the recognizance, in No. 59, is " permitting monte to be exhibited in a house under his control," and does not state that the defendant permitted the game of monte to be played in a house under his control. Pasc. Dig., Art. 2055.

That set out in the other recognizance, No. 60, is that the defendant did " unlawfully permit the banking game of monte to be dealt and exhibited in a certain house under his control," but does not state that the defendant permitted the game to be played.

Because of the failure to set out in these recognizances either of the offenses, as required by the statute, the recognizances are deficient in that they do not describe any offense against the laws of the state, and, therefore, this court has no jurisdiction of these cases further than to dismiss the appeals. See *Buie* v. *The State*, decided at this term, *ante* p. 58.

Taking the view we have of these cases, we do not feel called to discuss further the several matters contained in the briefs of counsel for the appellant, on the main case.

*Dismissed.*